**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZHAOJIN DAVID KE, | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 17-2469 |
| | : | |
| ALLSTATE FIRE AND CASUALTY INSURANCE CO. ET AL, | : | |
| | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW,** this 24th day of August, 2018, upon consideration of "Defendants John Welch and Steven Schimpf's Motion to Dismiss for Failure to State a Claim" (Doc. No. 41), Plaintiff's Response (Doc. No. 44), Defendants' Reply (Doc. No. 49), and Plaintiff's Surreply (Doc. No. 52), I find as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Pro se Plaintiff Zhaojin David Ke filed this lawsuit against Allstate Fire and Casualty Insurance Company ("Allstate") on March 8, 2017 in the Court of Common Pleas of Philadelphia County, seeking damages and injunctive relief for Allstate's alleged breach of contract, negligence, and fraud. On May 3, 2017, Plaintiff amended his Complaint to seek $200,000 in contractual and punitive damages. Subsequently, on June 1, 2017, Allstate removed to this Court on the basis of diversity of citizenship. (Doc. No. 1; id., Exs. A, B.)

1

2. On December 12, 2017, I granted Plaintiff's Motion to file a Second Amended Complaint, treating it as an amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Plaintiff's Second Amended Complaint named two additional Defendants, John Welch and Steven Schimpf, who are alleged to be insurance adjusters working for Allstate. Broadly speaking, the Second Amended Complaint alleges that Mr. Welch and Mr. Schimpf committed negligence and fraud against Plaintiff by falsely telling him that his insurance claims would be approved while secretly misrepresenting the details of those claims in their reports to Allstate. (Second Am. Compl. ¶¶ 6-7, 13-15, 20-22, 37, 46, 68-70, 76, 85, 102-03, 106-07, 118-24.)

3. Plaintiff, Mr. Welch, and Mr. Schimpf are citizens of Pennsylvania, and thus complete diversity is lacking among the parties. There is, consequently, no longer a basis for federal subject-matter jurisdiction. 28 U.S.C. § 1332; Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015). Therefore, if I decide that the nondiverse parties are to remain in the action, I must remand the case to the state court. 28 U.S.C. § 1447(c).

4. Defendants Mr. Welch and Mr. Schimpf have moved to dismiss all claims against them under Rule 12(b)(6), which I will interpret as a motion to drop parties under Rule 21. See Sandler v. Feder, No. 2:05-cv-01032, 2006 WL 266125, at *2 (E.D. Pa. Jan. 31, 2006) (noting that a district court may, in its discretion, drop nondiverse parties under Rule 21 following an amendment as a matter of course under Rule 15(a)(1)). Defendants argue that I should exercise discretion under 28 U.S.C. § 1447(e) to preclude Plaintiff from joining parties that would defeat subject-matter jurisdiction. For the reasons detailed

below, Defendants' Motion will be denied, and I will remand the case to the Court of

Common Pleas of Philadelphia County.

## LEGAL STANDARD

5. When considering whether to permit a plaintiff whose case has been removed on

diversity grounds to join nondiverse parties under 28 U.S.C. § 1447(e), courts in this

Circuit apply the factor-balancing test of <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th

Cir. 1987). <u>See</u> <u>Hayden v. Westfield Ins. Co.</u>, 586 F. App'x 835, 840-41 (3d Cir. 2014).

The <u>Hensgens</u> standard "balance[s] the defendant's interests in maintaining the federal

forum with the competing interests of not having parallel lawsuits." <u>Hensgens</u>, 833 F.2d

at 1182. Under <u>Hensgens</u>, a district court should consider: (1) whether "the purpose of the

amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in

asking for amendment," (3) "whether plaintiff will be significantly injured if amendment

is not allowed," and (4) "any other factors bearing on the equities." <u>Id.</u>

## ANALYSIS

6. With respect to the first <u>Hensgens</u> factor, I find that Plaintiff's purpose in joining Mr.

Welch and Mr. Schimpf was not to destroy diversity. Plaintiff offers as an explanation

that he joined the adjusters in response to what he interpreted as Allstate's suggestion, in

its surreply in opposition to remand, that the adjusters might be independent contractors.

(Doc. No. 14 at 2.) This explanation is consistent with the timing of his July 1, 2017

motion to amend, which came two days after Allstate's June 29, 2017 surreply and three

weeks before I denied the motion to remand on July 25, 2017. Furthermore, although

Plaintiff's initial Complaint suggested that he was aware of Mr. Welch and Mr. Schimpf

since the start of the litigation, his present justification for adding the adjusters as defendants did not arise until after removal.

7. Allstate, pointing to a footnote in Plaintiff's brief in support of remand, argues that Plaintiff admitted that he would join the adjusters specifically to destroy diversity.[1] Read in context, however, Plaintiff's footnote reflects only his belief that Allstate itself would be a citizen of Pennsylvania if its agents committed torts in this state.[2] The footnote is also ambivalent as to whether Plaintiff would join the adjusters in federal court or file a new lawsuit in state court. Taking the circumstantial evidence as a whole, I decline to find that Plaintiff joined Mr. Welch and Mr. Schimpf as a means to destroy diversity.

8. The remaining factors similarly do not weigh in favor of dismissing Defendants Mr. Welch and Mr. Schimpf. Although Plaintiff waited to add the adjusters until after his case was removed, his motion to amend came promptly after Allstate's motion to dismiss. There is no indication that Plaintiff would be prejudiced by having the adjusters dismissed now that Allstate takes the position that they were employees acting within the scope of their employment. As to the equities, the United States Court of Appeals for the Third Circuit has cautioned, in other contexts, that pro se litigants should be given liberal opportunity to amend pleadings. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981). Cases in this district have held that similar tort claims against insurance adjusters are at least colorable under Pennsylvania law, and I decline to delve further into the

---

[1] The footnote states: "The statute of limitations would allow Ke to add new Allstate defendants who are physically citizens of Pennsylvania or file a new lawsuit in the state court to include them—if circumstances call for that. Additionally, discovery will compel Allstate to provide a full list of its agents, claims centers, and drive-in claims centers in Pennsylvania." (Doc. No. 9 at 7 n.4.)

[2] (See id. at 7 ("Pennsylvania is a 'principal place of business' for Allstate as it has a dense network of agents scattered in every nook and cranny of the state.").)

merits of a state-law claim between nondiverse parties. See Ellis v. Liberty Mut. Ins. Co., No. 2:18-cv-01032, 2018 WL 3594987, at *3 (E.D. Pa. July 26, 2018) ("To inquire beyond the issue of whether claims are colorable into the legal merits would be inappropriate in this preliminary jurisdictional determination." (internal quotation marks omitted)). Finally, Defendant has pointed to no prejudice that it would suffer from litigating in state court beyond a general loss of its right to a federal forum.

9. Balancing these factors, I find that Plaintiff should be permitted to join Mr. Welch and Mr. Schimpf as defendants. Because there is no longer complete diversity among the parties, the case must be remanded to the Court of Common Pleas of Philadelphia County.

**WHEREFORE**, it is hereby **ORDERED** that:

- Defendants John Welch and Steven Schimpf's Motion to Dismiss (Doc. No. 41) is **DENIED**;

- Defendant Allstate's Motion to Dismiss Counts II, IV-IX of Plaintiff's Second Amended Complaint (Doc. No. 33) is **DENIED AS MOOT**;

- The case is **REMANDED** to the Court of Common Pleas of Philadelphia County; and

- The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
_____

**Mitchell S. Goldberg, J.**